**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 07-0260-PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| David Steven Goldfarb, et al., ) | |
| Defendants. ) | |

Defendants Guenther and Woodcock have filed a motion to continue the October 14, 2008 trial. Dkt. #537. Two other Defendants have joined the motion. Dkt. ##538, 558. Defendant Colin McHale has filed a joinder describing current medical problems that will prevent him from participating in the trial. Dkt. #558. The Government opposes the general motion to continue the trial and requests an expedited ruling. Dkt. #563.

**I.    GENERAL MOTION TO CONTINUE TRIAL.**

The motion by Defendants Guenther and Woodcock describes the complexity of this case. They note that the corporation with which they were affiliated is alleged to have collected approximately $40,000,000 between 2000 and 2003, that it entered license agreements with more than 300 clients, that 17 of these clients are alleged to be fraud victims in the Indictment, that the Government has identified 104 witnesses for trial, and that Government agents have advised defense team members that all of the licensees may be characterized as victims at trial.

1    Defendants further note that the Government has provided approximately 300,000 pages of discovery on CDs, and that another 150 boxes and six file cabinets of material have been made available at a storage facility. In addition, 12 boxes of documents have been produced at the offices of the IRS. Counsel notes that it has taken six days to review the documents in the storage facility, resulting in an index of more than 100 pages. Counsel further notes that additional review of the documents is needed. Defense counsel assert that the document review and analysis will not be finished by October 1, 2008, and may not be finished before the start of trial.

Defense counsel further note that there have been thousands of Word document files, PowerPoint presentations, Excel spreadsheets, and emails produced by the Government. Defendants state that the Excel spreadsheets are particularly difficult to interpret. Defendants propose that the trial be postponed to March or April of 2009.

The Indictment was filed on March 7, 2007. Dkt. #1. The Court held a status conference with the parties on April 12, 2007. Dkt. #77. At the status conference, counsel for the Government stated that it would be producing a set of CDs to defense counsel on April 16, 2007, that these CDs would include hundreds of thousands of documents, and that three CDs in particular would include the documents upon which the Government had based its case. The Government also explained that the storage facility contained more than 100 boxes of documents and would be made available to defense counsel. The Court and the parties discussed how Defendants would gain access to the storage facility to begin reviewing documents. The Government disclosed that there were documents in the possession of the IRS, and that defense counsel would be given prompt access to those documents as well. The Court scheduled a second status conference for June 29, 2007, and specifically directed defense counsel to review the documents on the CDs, in the storage facility, and otherwise produced by the Government so that the parties could set a reasonable trial date at the June 2007 conference.

Shortly after the April 2007 status conference, the Court began granting Defendants' requests for resources to assist in preparing the defense. The Court appointed paralegals,

- 2 -

1  investigators, clerks to assist the paralegals, copying services, and other experts to help
2  Defendants prepare this case for trial. Indeed, the level of defense resources granted by in
3  this case is, with one exception, unprecedented in this Court's case management experience.

4  The next status conference was held on June 28, 2007. The Court considered the
5  work to be done by defense counsel and scheduled a trial date for March 11, 2008. The
6  Court advised the parties that it fully intended to begin trial on this date, and suggested that
7  the parties continue their diligent review of materials produced by the Government. *See*
8  Dkt. #122.

9  A status conference was held on September 27, 2007. The Court denied Defendant
10 Guenther's motion to continue the March 11, 2008 trial date, concluding that the parties had
11 sufficient time to review the materials produced by the Government. Defense counsel
12 explained at the status conference that they had retained paralegals and reviewed and
13 cataloged the materials in the storage facility. They noted – as they do in the current motion
14 – that the project had taken six days and had produced an index of more than 100 pages with
15 additional review and analysis required. The Court concluded, nonetheless, that the case
16 could be ready for trial in March of 2008.

17 At a status conference on November 29, 2007, the Court was persuaded that additional
18 time was needed for trial preparation. The Court accordingly extended the trial date to
19 May 13, 2008, again informing the parties that this was a firm trial date. The Court was
20 particularly persuaded by the fact that the Government had recently identified additional
21 computer servers that contained documents potentially relevant to the case. The Court again
22 urged Defendants to continue their diligent review of the materials and to request any
23 resources necessary for that review.

24 At a status conference on January 24, 2007, the Court reaffirmed the trial date of
25 May 13, 2008. As stated in an order entered after this conference, "[t]he Court admonished
26 the parties to continue their diligent preparation in light of the fact that trial in this case will
27 not be rescheduled. The Court advised defense counsel to seek additional resources, if such
28 resources are needed, to be ready for trial on May 13, 2008." Dkt. #232.

1     The Court held a status conference on March 14, 2008. The Court's order from this
2 conference reads as follows:

> The Court heard from Defendants and the Government on Defendant Woodcock's motion to continue the trial date. Dkt. #290. Defense counsel explained that they have been diligently reviewing the hundreds of thousands of pages of documents disclosed by the Government in this case, identifying additional documents that must be obtained, and identifying and interviewing witnesses. Defense counsel represented that they cannot be ready for the filing of dispositive motions on April 4, 2008, or for trial on May 13, 2008. The Court concluded that Defendants have shown good cause to continue the trial date.

8 Dkt. #341. The Court then set the current trial date of October 14, 2008. "The Court
9 admonished the parties to continue their diligent preparation in light of the trial date. The
10 Court advised defense counsel to seek additional resources, if such resources are needed, to
11 be ready for trial." *Id*.

12     The Court held a status conference on May 30, 2008. The Court declined to extend
13 the existing trial date. The Court did, however, impose an obligation on the Government to
14 assist Defendants in preparing for trial:

> The Court does recognize that this is a complex case with thousands of documents and hundreds of potential witnesses. To assist Defendants in preparing for trial, and pursuant to *W.R. Grace*, the Government shall provide Defendants with preliminary lists of witnesses and exhibits by **June 27, 2008**. These lists shall include the Government's best estimate of the witnesses and exhibits to be used during its case-in-chief at trial.
>
> The Government shall provide Defendants with final lists of witnesses and exhibits by **August 29, 2008**. These lists should set forth the witnesses and exhibits the Government will use during its case-in-chief.

21 Dkt. #423 (emphasis in original).

22     The Court held a further status conference on August 14, 2008. No party requested a
23 continuance of the trial date before this status conference. The Court and the parties discussed
24 the procedures for selecting the jury and other trial management issues. The Court confirmed
25 the deadline for filing pretrial motions and established a schedule for filing motions in limine.
26 The Court set a hearing date for pretrial motions and confirmed the October 14, 2008 trial
27 date.

28

- 4 -

1    The motion to continue recently filed by Defendants Guenther and Woodcock recites the same facts that have been discussed by the parties since April of 2007. Indeed, the language used by these Defendants to describe the status of their review of documents at the storage facility is the same language that was used in their motion to continue filed on September 21, 2007. *See* Dkt. #148.

The Court understands that this is a complex case. This matter has been managed as a complex case from the beginning. The issues now raised by Defendants have been known to the parties for more than 16 months, and the Court has allocated virtually all resources requested by Defendants to assist in case preparation. The Government has made full disclosure of documents and other evidence from the beginning of this case, and the Court has taken the unusual step of requiring the Government to identify its witnesses well in advance of trial. All of this has been done to assist Defendants in preparing for trial.

The Court concludes that Defendants have had sufficient time and resources to prepare for trial. The motion to continue the trial date will be denied. Trial will begin as scheduled on October 14, 2008.

## II.    DEFENDANT McHALE.

Defendant McHale unfortunately is suffering from brain cancer and recently underwent multiple surgeries. Defendant McHale is heavily medicated and will require an extended period for recovery. Dkt. #558-2.

The Court concludes that Defendant McHale has shown good cause to continue his trial date. The Court will sever Defendant McHale from this case and will continue his trial to **December 9, 2008**. The Court finds that failure to grant such a continuance would unreasonably deny Defendant and counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). It is clear that Defendant McHale is unable to assist his counsel in preparing for trial.

**IT IS ORDERED:**

1. Defendants' Motion to Continue Trial and Extend Pretrial Motions and All Other Deadlines (Dkt. #537) is **denied**.

- 5 -

2. Defendant McHale is severed from the remaining parties in this case and his motion to continue the trial date (Dkt. #558) is **granted**.

DATED this 9th day of September, 2008.

_____
David G. Campbell
United States District Judge